UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRECISION BRAND PRODUCTS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOWNERS GROVE SANITARY DISTRICT; ) <br> CHASE-BELMONT PROPERTIES, LLC; ) <br> AMERICAN NATIONAL BANK AND TRUST ) <br> COMPANY OF CHICAGO (n/k/a JP Morgan ) <br> Chase Bank NA) AS TRUSTEE UNDER ) <br> TRUST No. 30797; CITIZENS NATIONAL ) <br> BANK OF DOWNERS GROVE (n/k/a U.S. ) <br> BANK NATIONAL ASSOCIATION) AS ) <br> TRUSTEE UNDER TRUST No. 2398; ) <br> LASALLE BANK NATIONAL ASSOCIATION ) <br> AS SUCCESSOR TRUSTEE UNDER TRUST ) <br> AGREEMENT DATED 10/14/80 AND KNOWN ) <br> AS TRUST No. 2398, n/k/a B7900239830; RHI ) <br> HOLDINGS, INC.; LOVEJOY, INC.; ) <br> HARPER-WYMAN COMPANY, n/k/a ) <br> H.W. HOLDING CO.; and ) <br> CORNING INCORPORATED, ) <br> ) <br> Defendants. ) | Case No. 08 CV 5549 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

This action alleges claims arising from environmental contamination at the Ellsworth Industrial Park ("EIP") in Downers Grove, Illinois. This case was transferred to this Court as related to *Arrow Gear Company v. Downers Grove Sanitary District, et al.*, Case No. 08 CV 5895 (*Arrow Gear*), in which Arrow Gear sought to recover from the same defendants here ("Defendants") "response costs" Arrow Gear had incurred and would incur in connection with contamination at EIP. On January 29, 2009, this Court

1

entered summary judgment in *Arrow Gear* in favor of the moving defendants in the case, on the basis that Arrow Gear's claims against the moving defendants were barred by the doctrine of *res judicata*. As discussed in the Court's January 29, 2009 Memorandum Opinion and Order, Arrow Gear's claims were barred by dismissals with prejudice entered in another prior lawsuit before this Court, concerning environmental contamination at EIP, *Muniz, et al. v. Rexnord Corporation, et al.*, Case No. 04 CV 2405 (*Muniz*). (*See* Memorandum Opinion and Order, Docket No. 60, Case No. 08 CV 4895.) Plaintiff here, Precision Brand Products, Inc. ("Precision"), was a party to the dismissal orders in *Muniz*.

Precision seeks to recover from Defendants in this action costs it has incurred and will incur in connection with responding to the groundwater contamination in and around EIP. Precision seeks from Defendants its share of the costs of hooking up residences around EIP to the municipal water supply and the costs of financing a Remedial Investigation/Feasibility Study for EIP ("RI costs"). (Complt., ¶ 20.)

As they did in *Arrow Gear*, Defendants here have filed motions to dismiss Precision's action on the basis of *res judicata*. Pending are: the Motion to Enforce the Court's Final Orders of Dismissal with Prejudice of Defendants Downers Grove Sanitary District ("DGSD"); Chase-Belmont Properties, LLC ("Chase-Belmont"); American National Bank and Trust Company of Chicago (n/k/a JP Morgan Chase Bank NA) as Trustee under Trust No. 30797; Citizens National Bank of Downers Grove (n/k/a/ U.S. Bank National Association) as Trustee under Trust No. 2398; LaSalle Bank National Association as Successor Trustee under Trust Agreement dated 10/14/80 and known as

Trust No. 2398 (now known as Trust No. B7900239830); RIII Holdings, Inc. ("RHI"); and Lovejoy, Inc. ("Lovejoy") [Docket No. 39]; the Motion to Dismiss of Corning Incorporated ("Corning") [Docket No. 41]; and the Motion to Dismiss of Defendant H.W. Holding Co. ("H.W. Holding") [Docket No. 44].

## BACKGROUND

The pertinent background facts related to this case were more fully set forth by the Court in the January 29, 2009 Memorandum Opinion and Order in *Arrow Gear*. Briefly, the facts are as follows. In 2004, several plaintiffs, representing a class of homeowners living near EIP, filed *Muniz*, asserting claims under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA") and Illinois common law. The *Muniz* plaintiffs alleged that Arrow Gear, Precision and others were responsible for releases of chemicals, including trichloroethylene ("TCE") and perchlorethylene ("PCE"), at and around EIP and had contaminated their drinking water, causing them injury.

The *Muniz* defendants, including Precision, Lovejoy and RHI, brought cross-claims against each other, as well as third-party claims against others not named by the plaintiff class, including Chase-Belmont and DGSD, alleging that other parties and third-party defendants were responsible for the contamination at EIP. Precision brought cross and third-party complaints in *Muniz*, alleging claims for contribution under CERCLA and the Illinois contribution statute. Precision alleged that Lovejoy, RHI and third-party defendants DGSD and Chase-Belmont were responsible for the contamination at EIP. (Defendants' Motion to Enforce, Ex. 1.)

3

After several years of litigation, the *Muniz* class claims were settled. After settling with the *Muniz* plaintiff class, the *Muniz* defendants, including Precision, filed an agreed motion with the Court, asking the Court to dismiss with prejudice all counterclaims, cross-claims and third-party claims between and among them and stating that the parties had entered into a settlement agreement by which the parties agreed to arbitrate all such claims. The Court granted the agreed motion and entered an order of dismissal with prejudice, stating: "All counterclaims, crossclaims and third party claims between and among Defendants and Third Party Defendants . . . Precision Brand Products, Inc. . . . Lovejoy, Inc. . . . RHI Holdings Inc. . . . are hereby dismissed with prejudice."

The *Muniz* defendants then proceeded to private mediation to allocate their respective shares of the *Muniz* class settlement. Subsequently, Precision, and the other *Muniz* defendants/third-party plaintiffs, settled their third-party claims against Chase-Belmont and DGSD. The *Muniz* defendants/third-party plaintiffs moved for good faith findings and dismissal of their third-party claims against DGSD; and the Court entered a dismissal order as to DGSD, which states that DGSD was "dismissed from [the] action with prejudice."

In a subsequent motion, Precision and the other *Muniz* defendants/third-party plaintiffs moved for good faith findings and dismissal of their third-party claims against Chase-Belmont; the Court granted this motion, as well, entering an order, stating: "Third-Party [Defendant Chase-Belmont is] hereby dismissed from this action with prejudice, subject to the terms of the settlement agreement."

4

## ANALYSIS

Defendants contend Precision's present suit — seeking to recover from Defendants response costs Precision has incurred and will incur in responding to contamination in and around EIP — is barred by *res judicata*. Defendants contend, as they did in *Arrow Gear*, that Precision's present action is barred because it alleges the same causes of action (CERCLA and Illinois contribution claims) and seeks the same relief (recovery of response costs arising out of contamination at EIP) against the same parties which it previously voluntarily dismissed with prejudice (as reflected in the three dismissal orders in *Muniz*, summarized above.) The moving defendants contend Precision's action is, therefore, barred under *Cannon v. Loyola Univ. of Chicago*, 784 F.2d 777, 779 (7th Cir. 1986) (Under the doctrine of *res judicata*, a decision in an earlier action will constitute a complete bar to a later action if the parties to the later suit are the same as or are in privity with those in the earlier suit, the later suit alleges the same cause of action as the earlier suit, and a court of competent jurisdiction entered a valid final judgment on the merits in the earlier suit.). Further, defendants argue, even if Precision has asserted new theories of relief other than under CERCLA and Illinois contribution law in this case, such claims are still barred because they arise from the same core of operative facts at issue in *Muniz;* and the scope of what is barred by *res judicata* includes not only "those issues which were raised and decided in the earlier litigation" but also "those issues which could have been raised in that litigation" but were not. *Lim v. Central DuPage Hosp.*, 972 F.2d 758, 763 (7th Cir. 1992) (*Lim*).

In response, Precision contends its ability to bring its contribution claims in this case was "not foreclosed or impaired by orders entered in the *Muniz* case." It argues: (1) its claims in *Muniz* "never mentioned or even alluded to the Hook-Up Costs or the RI Costs" as are sought in this action; (2) its prior claims in *Muniz* were *permissive* cross-claims under Fed. R. Civ. P. 13(g) and, therefore, *res judicata* does not apply; and (3) even if *res judicata* applies, there is "nothing in the record of the *Muniz* Case to support Defendants' suggestion that the claims now being brought by Precision in this case" were resolved by the dismissal orders in *Muniz*.

However, Precision's arguments are unpersuasive. First, as Defendants demonstrate, even though Precision's cross-claims in *Muniz* did not specifically use the words "Hook-Up Costs" or "RI Costs," the *Muniz* plaintiff class explicitly sought from the *Muniz* defendants hook-up costs and "all response costs." Precision's cross-claims in *Muniz* sought contribution for its "liability to the *Muniz* plaintiff class." Thus, Precision sought contribution in *Muniz* on all of plaintiffs' claims of contamination of their water supply, including hook-up costs, and past and future response costs under CERCLA, including RI costs. This case clearly arises from the same transaction or occurrence as in *Muniz*.

Second, even assuming Precision's cross-claims were permissive and not mandatory under Fed. R. Civ. P. 13(g),[1] unlike the cases Precision cites, Precision opted to file a cross-claim in *Muniz*. "While the initial filing of a cross claim is permissive, once the cross claim is filed, it is a claim like any other claim in an action." *Trans Helicoptere Serv. v. Jet Support Services, Inc.*, 2004 WL 2921856, at *7 (N.D. Ill. Dec. 14, 2004). Thus, once Precision filed its cross-claim, it was obligated to bring all claims arising out of the same transaction or occurrence, or all such claims would be barred by *res judicata*. *See Lim*, 972 F.2d at 763 (once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost) (citing *Carr Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986)). *See also Kim v. Sara Lee Bakery Group, Inc.*, 412 F. Supp.2d 929, 941-42 (N.D. Ill. 2006) ("It is well-established, under the doctrine of 'claim-splitting,' that a party cannot avoid the effects of *res judicata* by splitting her cause of action into separate grounds of recovery and then raising the separate grounds in successive suits. Rather, a party must bring in one action all legal theories arising out of the same transaction or series of transactions."). Therefore, Rule 13(g) does not save Precision's claims from an application of the doctrine of *res judicata*.

Finally, Precision's third argument, that there is "nothing in the record of the

---

[1] Fed. R. Civ. P. 13(g) provides: "A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the same transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

*Muniz* Case to support Defendants' suggestion that the claims now being brought by Precision in this case" were resolved by the *Muniz* dismissal orders, is not persuasive. The three dismissal orders entered in *Muniz* dismissed all claims with prejudice and did not preserve any claims. The language Precision references does not demonstrate that the dismissal orders preserved any claims.

## CONCLUSION

For the reasons stated above and in the Court's January 29, 2009 Memorandum Opinion and Order in *Arrow Gear*, Precision's claims in this action, asserting costs arising from contamination at EIP, are barred by the doctrine of *res judicata*. Accordingly, Defendants' motions to enforce the Court's final orders of dismissal with prejudice [Docket No. 39] and to dismiss the case [Docket Nos. 41 and 44] are granted. This case is hereby dismissed.

Date: August 20, 2009

JOHN W. DARRAH
United States District Judge