

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRECISION BRAND PRODUCTS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOWNERS GROVE SANITARY ) <br> DISTRICT; CHASE-BELMONT ) <br> PROPERTIES, LLC; AMERICAN ) <br> NATIONAL BANK & TRUST CO. OF ) <br> CHICAGO (n/k/a JPMorgan Chase Bank ) <br> NA) AS TRUSTEE UNDER TRUST No. ) <br> 30797; CITIZENS NATIONAL BANK ) <br> OF DOWNERS GROVE (n/k/a U.S. Bank ) <br> National Association) AS TRUSTEE ) <br> UNDER TRUST No. 2398; LASALLE ) <br> NATIONAL BANK ASSOCIATION AS ) <br> SUCCESSOR TRUSTEE UNDER ) <br> TRUST AGREEMENT DATED 10/14/80 ) <br> AND KNOWN AS TRUST No. 2398, ) <br> n/k/a B7900239830; RHI HOLDINGS, ) <br> INC.; LOVEJOY, INC.; HARPER- ) <br> WYMAN CO., n/k/a H.W. HOLDING ) <br> CO.; and CORNING INC., ) <br> ) <br> Defendants. ) | Case No. 08-cv-5549 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

This case was dismissed on August 20, 2009, after this Court found all pending claims to be barred by the doctrine of *res judicata*. (*See* Docket No. 61.) Plaintiff, Precision Brand Products, Inc. ("Precision"), now moves for leave to file its First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) or, in the alternative, to alter or amend the Court's August 20, 2009 Memorandum Opinion and

Order pursuant to Rule 59(e). For the reasons set forth below, Precision's motion is denied.

## BACKGROUND

In 2004, a group of plaintiffs, representing a class of homeowners living near the Ellsworth Industrial Park ("EIP") in Downers Grove, Illinois, brought claims against several EIP property owners under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), and Illinois common law. *See generally Muniz v. Rexnord Corp.*, No. 04 CV 2405 ("*Muniz*"). Precision, one of the EIP property owners, then asserted crossclaims and third-party claims against other EIP property owners for contribution under the Illinois Joint Tortfeasors Contribution Act, 740 ILCS 100/1 *et seq.* ("JTCA"), and CERCLA. All parties to the present action were involved in *Muniz*.

All claims in *Muniz* ultimately were voluntarily dismissed. On June 28, 2006, the Court entered an Order of Dismissal with Prejudice as to "[a]ll counterclaims, crossclaims and third party claims between and among . . . Precision Brand Products, Inc., . . . [and] Lovejoy, Inc." (*Muniz*, Dkt. No. 579.) In October 2006, the Court dismissed Downers Grove Sanitary District and Chase-Belmont Properties, LLC with prejudice, discharging them "from all liability [under CERCLA and the JTCA] for any contribution to any other Tortfeasor relating to or arising from the claims made in

[*Muniz*]." (*Muniz*, Dkt. Nos. 698, 713.) And on January 16, 2007, the Court entered an order, dismissing Precision's claims against Corning, Inc. (*Muniz*, Dkt. No. 748.)[1]

Precision filed the instant action on September 29, 2008, again asserting claims for contribution under CERCLA and the JTCA to recover "certain costs and damages incurred by [Precision] which were caused by the release or threatened release of hazardous substances at or from Defendants' facilities in Downers Grove, Illinois." (Compl. ¶ 2.) Precision also sought "a declaratory judgment concerning Defendants' liability to [Precision] for certain future costs and damages that [Precision] may incur arising from the release of" such substances. (*Id.*)

In response, Defendants filed motions to dismiss the complaint or to enforce the Court's orders of dismissal in *Muniz*, arguing that all of Precision's claims are barred by the doctrine of *res judicata*. (*See* Dkt. Nos. 39, 41.) On August 20, 2009, after fully considering the briefs submitted by Precision and Defendants, the Court issued a Memorandum Opinion and Order (the "Order"), finding all of Precision's claims to be barred by *res judicata* and dismissing the case. (Dkt. No. 61.) Precision now seeks leave to amend its complaint to include one additional paragraph alleging that the *Muniz* settlement agreements expressly provide that the claims Precision has asserted against Defendants in *this* action were not settled or resolved by the dismissal orders in *Muniz*. (Pl. Mot., Dkt. No. 62, at 1.) The settlement agreements are attached as exhibits to the

---

[1] RHI Holdings, Inc. is a named defendant in this action but is currently protected by an automatic stay in bankruptcy. The remaining defendants are related to Corning, Inc. or Chase-Belmont Properties, LLC. All defendants (with the exception of RHI Holdings, Inc.) are referred to collectively throughout this Memorandum Opinion and Order as "Defendants."

proposed amended complaint. In the alternative, Precision asks the Court to amend the Order, arguing that a portion of it is unsupported by the record. (*Id.* at 1-2.)

## ANALYSIS

Precision structures its motion first as one to amend the complaint and, in the alternative, to amend or alter the Order. A plaintiff may amend a complaint once as a matter of course before a responsive pleading is filed, Fed. R. Civ. P. 15(a)(1)(A); and leave to amend should thereafter be given freely "when justice so requires," Fed. R. Civ. P. 15(a)(2). But the right to amend cuts off when a Court enters a final judgment and dismisses the case. *Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995) (*Camp*) (citations omitted). A plaintiff seeking leave to amend after a case is dismissed must first move to reopen the case under Federal Rule of Civil Procedure 59(e) or 60(b). *Id.* at 1289-90 (citations omitted). Unless the movant can show that the judgment should be set aside, the Court lacks jurisdiction to allow the amendment. *Id.* Therefore, unless Precision can succeed on its "alternative" request under Rule 59(e), the Court cannot consider Precision's primary request under Rule 15(a).

"The only grounds for a Rule 59(e) motion . . . are newly discovered evidence, an intervening change in the controlling law, and manifest error of law [or fact]." *Local 73, Serv. Employees Int'l Union v. Argonne Nat'l Lab.*, No. 05 C 2772, 2006 WL 695532, at *2 (N.D. Ill. Mar. 13, 2006) (quoting *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998)). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the

4

pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted). "Once judgment has been entered, there is a presumption that the case is finished, and the burden is on the party who wants to upset that judgment to show the court that there is good reason to set it aside." *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009). The movant must "clearly establish" grounds for setting aside the judgment. *Local 73*, 2006 WL 695532, at *2 (citing *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)).

Precision moves under Rule 59(e) and asks that the Court amend its Order by striking the following statement: "Precision sought contribution in *Muniz* on all of plaintiff's claims of contamination of their water supply, including hook-up costs, and past and future response costs under CERCLA, including RI costs [i.e., costs associated with a remedial investigation/feasibility study]." (Pl. Mot. at 8 (citing Order at 6).) Precision claims the statement is unsupported by the record and that the *Muniz* settlement agreements specifically reserve the claims Precision asserts in this action. (*See* Pl. Mot. at 2; Pl. Reply Br., Dkt. No. 70, at 8-9.) But Precision does not point to anything in the record that establishes this alleged error, and the agreements – which Precision did not present to the Court until after a final judgment was entered – are not newly discovered evidence. If Precision believes those agreements were relevant to its claims or necessary to defeat principles of *res judicata*, Precision should have presented them sooner.

Precision also fails to show that the settlement agreements demonstrate any manifest error of law or fact. Precision presented its current interpretation of the facts when it asked the Court to deny Defendants' motions for dismissal, which Precision

claimed were "based upon a misrepresentation of the documents filed and claims made in the *Muniz* case, and upon an improper attempt to apply the law of *res judicata* in contravention of Rule 13(g) of the Federal Rules of Civil Procedure." (Pl. Resp. to Def. Dismissal Mot., Dkt. No. 54, at 4.) In ruling on Defendants' motions to dismiss and to enforce the *Muniz* dismissal orders, the Court specifically found all of Precision's claims were either expressly dismissed in *Muniz* or barred by principles of *res judicata* because they arose out of the same transaction or occurrence as the *Muniz* claims. (Dkt. No. 61 at 6-7.) The Court also made a specific finding that the *Muniz* dismissal orders did not preserve Precision's claims. (*Id.* at 8 ("The three dismissal orders entered in *Muniz* dismissed all claims with prejudice and did not preserve any claims.").) Precision now offers the settlement agreements, not to show that its claims did not in fact arise out of the same transaction or occurrence as the *Muniz* claims, but to show that the parties' intent was other than what is reflected in the dismissal orders the Court has already considered. (Pl. Reply Br. at 5-6.) Precision's attempt to bring additional – but not newly discovered – evidence before the Court is not sufficient grounds to alter a judgment under Rule 59(e).[2]

Furthermore, the proposed amended complaint does not present a reason for disturbing this Court's final judgment because, even as amended, Precision's complaint asserts the same CERCLA and JTCA claims that the Court held to be barred by *res*

---

[2] Precision also claims that the *Muniz* settlement agreements are necessary to show a waiver of a *res judicata* defense under Federal Rule of Civil Procedure 8(c)(1). This is a new legal theory not put forth in Precision's Response to Defendants' Dismissal Motions, and it will not be considered for the first time at this stage in the litigation.

*judicata*. The proposed amended complaint does not set forth any new counts but merely expands Precision's allegations regarding its contribution claims, which does not justify setting aside a final judgment. *See Camp*, 67 F.3d at 1290 ("[T]he mere desire to expand the allegations of a dismissed complaint does not, by itself, normally merit lifting the judgment."). Because the proposed amendment merely rehashes old arguments regarding the same claims already considered by the Court, it is futile and may properly be denied even if Precision had shown sufficient justification for reopening the case under Rule 59(e). *See Sound of Music v. Minn. Mining & Mfg. Co.*, 477 F.3d 910, 923 (7th Cir. 2007) (affirming denial of post-judgment request for leave to amend based on finding of futility).

Precision contends the Seventh Circuit's holding in *Foster v. DeLuca*, 545 F.3d 582 (7th Cir. 2008) (*Foster*), compels this Court to grant Precision's motion. In *Foster*, the district court granted a motion to dismiss a complaint and terminated the case on the same day. *Id.* at 583. When the plaintiff later filed a motion for leave to amend and a motion to alter the judgment, the district court denied both motions without explanation in a brief minute order. *Id.* The Seventh Circuit held the cursory dismissals to be an abuse of discretion, "especially . . . given the district court's action in dismissing the case and entering judgment on the same day." *Id.* at 584-85.

This holding, Precision argues, shows "it is proper (if not necessary) for a district court to consider a motion for leave to file an amended complaint" where the judge dismisses the entire case along with the original complaint. (Pl. Reply. Br. at 8.)

But *Foster* was a simple case. Within five months of the plaintiff's first appearance in federal court on her § 1983 claims, the district court dismissed her complaint, terminated the case, and – without any explanation – denied subsequent motions to amend the complaint and the judgment. *See Foster*, 545 F.3d at 583. Although the Seventh Circuit found the district court's actions in that particular case to be an abuse of discretion, it did not go so far as to hold that a district court can never deny a post-judgment first attempt to amend a complaint. Indeed, the Seventh Circuit recently held the denial of such a motion was not an abuse of discretion, even though the district court had dismissed the case with prejudice on the same day it dismissed the complaint. *See Fannon v. Guidant Corp.*, ___ F.3d ___, No. 08-2429, 2009 WL 3365972, at *6-8 (7th Cir. Oct. 21, 2009) (affirming denial of motion for post-judgment amendment and stating: "*Foster* would present a more difficult problem if this case, like *Foster*, was a simple one in which the first action of the district court was to grant a motion to dismiss on the pleadings with prejudice, without any determination about the sufficiency of a proffered amended complaint.") This is not a simple case, and dismissing Precision's complaint was not the first action of this Court. Precision's claims are intricately related to litigation that began in 2004, and the parties have made numerous appearances before this Court. At any rate, unlike the district court in *Foster*, the Court has considered Precision's motion and denies that motion pursuant to the analysis and reasons stated above.

8

## CONCLUSION

A motion for relief from the judgment under Rule 59 is an extraordinary remedy "reserved for the exceptional case." *Foster*, 545 F.3d at 584 (citing *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994). Precision has not demonstrated this to be an exceptional case and has failed to demonstrate any newly discovered evidence or manifest error of law or fact that would merit upsetting the finality of judgment. Precision's motion is, therefore, denied.

Date: November 17, 2009

JOHN W. DARRAH
United States District Court Judge